# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

RANDY KENT THWEATT,  )
)
Plaintiff,  )
)
v.  )   No. CIV 08-236-RAW-SPS
)
JASON LINCOLN and  )
JOHN TADLOCK,  )
)
Defendants.  )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss [Docket #19] and their motion for confession of motion to dismiss [Docket #20]. Plaintiff, a resident of the Oklahoma Forensic Center in Vinita, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking monetary damages for alleged constitutional violations during his incarceration in the McCurtain County Jail. The defendants are McCurtain County Sheriff John Tadlock and McCurtain County Jail Administrator Jason Lincoln. Plaintiff has failed to respond to the court's order to show cause why the motion to dismiss should not be granted [Docket #21].

Plaintiff alleges he was physically assaulted by the guards in the county jail, and his serious medical needs were deliberately ignored. He has attached to his complaint a McCurtain County Jail Inmate Grievance Form dated June 14, 2006, that reads:

> My shoulder was injured Feb. 13 when Jailers Russell Miller and David Mitchel slammed me to the wall and then twisted my arm until damage occurred. I have submitted numerous medical request[s] that have went unanswered. When I spoke with nurse (Jerri Carrell) she stated she knew jailers had injured my shoulder and that she did not care! I have been denied

medical attention. I suffer extreme pain from this injury that jailers inflicted on me. Also, I'm a mental patient and I'm not receiving my medication as prescribed.

[Docket #1 at 8].

The defendants allege plaintiff has failed to state a claim upon which relief can be granted. The defendants also assert they believe plaintiff's claim is based on a shoulder injury he received on February 13, 2006, but the grounds upon which they are being sued for this injury or the alleged denial of medical care are unclear, as required by Fed. R. Civ. P. 8(a).

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

> [T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007). . . . "[T]he complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schnieder*, 493 F.3d 1174, 1177 (10th Cir. 2007). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (emphasis omitted).

Although the court is required to exercise a liberal interpretation of plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to

state a claim upon which relief can be based." *Id.* (citing cases). Plaintiff's complaint sets forth only general allegations of a physical assault and of failure to attend to his serious medical needs. In addition, he does not claim that either defendant personally participated in the alleged constitutional violations, "an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). The court, therefore, finds plaintiff's complaint must be dismissed.

**ACCORDINGLY,** the defendants' motion to dismiss [Docket #19] is GRANTED, and this action is, in all respects, DISMISSED for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). The defendants' motion for confession of motion to dismiss [Docket #20] is DENIED as moot.

**IT IS SO ORDERED** this \_\_\_\_\_ day of July 2009.

*/s/ Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

3